UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LESTER ESTRADA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No. 17-cv-00868-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 15, 17 |

Plaintiff Jimmy L. Estrada seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for benefits or further proceedings. Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment.

## I. BACKGROUND

On May 13, 2013, Plaintiff applied for Title II Disability Insurance Benefits, alleging a disability that began on April 22, 2010. (Administrative Record ("AR") 192, 216.) Plaintiff asserted medical conditions of back and knee problems, back injury, depression, knee injury, and stomach problems. (AR 235.) The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. (AR 127-130, 135-139.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 143-44.)

The assigned ALJ held a hearing on March 11, 2015, at which Plaintiff and Vocational Expert ("VE") Ronald W. Morrell testified. (AR 45.) At the hearing, the ALJ examined VE Morrell, giving him a hypothetical of an individual who could lift ten pounds, could sit for six

hours in an eight hour day, stand and walk for two hours, and was limited to simple, repetitive tasks -- in other words, "a sedentary level job with simple repetitive tasks." (AR 86.) Based on this hypothetical, VE Morrell testified that such an individual could not perform Plaintiff's past work, but could perform a full range of sedentary unskilled work.

The ALJ then posed a second hypothetical of an individual who was limited to ten pounds lifting, could complete an eight-hour workday if given the option to alternate between sitting and standing in thirty-minute increments, and was limited to simple, repetitive tasks. (AR 86.) The ALJ also acknowledged that the Dictionary of Occupational Titles ("DOT") did not discuss a sit/stand option, and asked if VE Morrell had something in his work history that would give him expertise in identifying jobs that permit a sit/stand option. VE Morrell answered that he did have such experience, and explained that in his experience, sedentary jobs would permit some opportunity for workers to get up for a couple of minutes to stretch, but not to be on their feet for long periods of time. (AR 86-87.) In other words, if some people "can sit for 30 minutes and have to walk for 30 minutes," VE Morrell did not "think sedentary can afford that opportunity." (AR 87.)

In response, the ALJ noted that some VEs had told him that jobs that fall into the "light" category, *i.e.* limit of twenty pounds lifting, did not actually require lifting more than ten pounds. (AR 87.) VE Morrell agreed with this assessment. The ALJ then asked if there would be something compatible with his hypothetical. VE Morrell stated that there would be jobs where an individual is "moving around a little bit more than . . . in a sedentary" position, such as light production assembly jobs, parking lot attendant, and mailroom clerk. (AR 87.) The ALJ stated that he did not care if a job was classified as light or sedentary, but was mostly concerned about "whether the characteristics in the hypothetical question match the job." (AR 87-88.) VE Morrell responded that with a limit of ten pounds lifting, or sedentary exertional lifting, available positions would include a mailroom clerk, assembly related jobs, and a production assembler. (AR 88.)

Plaintiff's attorney then questioned VE Morrell, asking if an individual was unable to complete a full eight-hour workday, if that limitation would preclude all work. (AR 88.) VE Morrell responded in the affirmative. Plaintiff's attorney next asked if the available jobs would

2

1 change if an individual was unable to concentrate and maintain persistence and pace
2 approximately 30% of the time due to pain. (AR 88-89.) VE Morrell answered that it would
3 preclude all jobs. (*Id.*) Plaintiff's attorney then pointed to Dr. Todd Nguyen's report, noting that
4 Plaintiff was expected to walk, stand, and sit up to two hours, which Plaintiff's attorney took to
5 mean two hours of each of those, totaling six hours. (*Id.*) The ALJ acknowledged that would be
6 less than eight hours, before ending the hearing. (*Id.*)

The ALJ issued an unfavorable decision on April 1, 2015. (AR 45-55.) A request for review of the ALJ's decision was filed with the Appeals Council on June 1, 2015. (AR 35.) The Appeals Council denied Plaintiff's request for review on December 23, 2016. (AR 1-3.) On February 22, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.)

On September 8, 2017, Plaintiff filed a motion for summary judgment. (Plf.'s Mot., Dkt. No. 15.) On October 6, 2017, Defendant filed an opposition and cross-motion for summary judgment. (Def.'s Opp'n, Dkt. No. 17.) On October 20, 2017, Plaintiff filed a reply brief. (Plf.'s Reply, Dkt. No. 18.)

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under SSA regulations, disability claims are evaluated according to a five-step sequential

evaluation. *Reddick*, 157 F.3d at 721. At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof in steps one through four. *Bustamante*, 262 F.3d at 953-954. The burden shifts to the Commissioner in step five. *Id.* at 954.

### III. THE ALJ'S DECISION

On April 1, 2015, the ALJ issued an unfavorable decision. (AR 45-55.) At step one, the ALJ determined that Plaintiff had not been engaged in substantial gainful activity since April 22, 2010, the alleged onset date. (AR 47.)

At step two, the ALJ identified the following severe impairments: lumbar degenerative disc disease, status post lumbar laminectomy, and right knee meniscus tear status post right knee arthroscopic surgeries. (AR 47.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of

4

impairments that met or medically equaled a listed impairment. (AR 48.) The ALJ explained that "[o]bjective evidence, clinical findings and treatment notes regarding the claimant's physical impairments do not support a finding that the severity of the claimant's physical impairments meet or equal a listing . . . ." (*Id.*)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that Plaintiff could: lift ten pounds, complete an eight-hour workday if given the option to alternate between sitting and standing in thirty minute increments, and was limited to simple repetitive tasks. (AR 48.) The ALJ explained that Plaintiff had alleged back and knee problems, back injury, knee injury, stomach problems, and depression, and that his current injuries, two prior injuries, and three prior knee surgeries made it difficult to do his normal activities. (AR 49.) Plaintiff had stated that he could lift ten to fifteen pounds before the pain was too much, that he could walk two to three blocks before he needed to stop and rest for twenty to thirty minutes, and that he could pay attention for ten minutes. Plaintiff also stated that he had difficult lifting, squatting, bending, standing, reading, walking, sitting, kneeling, climbing stairs, and completing tasks. (*Id.*) The ALJ then summarized Plaintiff's hearing testimony, in which Plaintiff reported that he could not lift more than five pounds, stand for more than ten minutes, walk for more than fifteen minutes, or sit for more than ten minutes. (*Id.*) Plaintiff had also testified that he got up in the morning, got his daughter off to school, lay in bed, picked his daughter up from school, and went to sleep at 10 to 11 p.m. During the day, Plaintiff did not vacuum or sweep, grocery shop, go to school activities, exercise, or engage in any hobbies. Plaintiff did watch television, read, and could use a computer for up to thirty minutes to watch movies or check e-mails. Plaintiff also stated that he slept poorly and would take two 30-minute naps during the day. Plaintiff reported that he was no longer taking any prescription medications and that he had noticed a big difference since he stopped taking medication. Plaintiff stated that after his injury he had back surgery, but that it did not help, although a 2004 back surgery did help. Plaintiff denied using medical marijuana, which was contradicted by a medical report. (*Id.*; *see* AR 579.) Plaintiff also testified that his depression had increased and that he cried when he was alone. (AR 49.)

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (AR 49.) The ALJ then stated that the RFC was based on objective diagnostic studies, treatment notes, clinical findings, and the claimant's description of his subjective symptoms. The ALJ proceeded to summarize the medical reports over the years. (AR 49-52.) The ALJ found that "the objective findings in the record are consistent with limitation to sedentary work with sit-stand option." (AR 52.)

The ALJ proceeded to explain that Plaintiff's allegations were not fully credible, finding that "[d]espite his alleged impairments, he is able to take care of personal hygiene and grooming, prepare simple meals, drive, go out alone, do light household [sic], shop, handle finance, chores watch [sic] television (sports), read, socialize, use the computer to watch movies and check email." (AR 52.) The ALJ found that these activities undermined his allegations of disabling functional limitations. The ALJ also found that the record contained extensive treatment notes documenting Plaintiff's back and knee problems, but did "not document functional limitations that preclude all work for a continuous period of 12 months. Objective diagnostic evidence and clinical findings do not support the extent the Claimant's reported musculoskeletal symptoms." (*Id.*) The ALJ also summarized a third-party function report from Plaintiff's wife which stated that Plaintiff could prepare simple meals, go out alone, drive, shop, and handle finances, but that Plaintiff had difficultly lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, and completing tasks. Plaintiff's wife also reported that Plaintiff could walk three blocks before needing to rest twenty to twenty-five minutes at a time, and could pay attention for ten minutes. The ALJ did not discuss whether this was credible or not.

Next, the ALJ addressed the opinion evidence. First, the ALJ reviewed Dr. Todd Nguyen's comprehensive orthopedic evaluation from March 22, 2014. (AR 52.) Dr. Nguyen opined that Plaintiff could stand and walk up to two hours, lift less than 10 pounds, and could occasionally bend, stoop, kneel, crawl, squat, and climb stairs. (AR 53.) The ALJ gave the opinion limited weight as to the lifting limitations, but found that the "standing and walking limitations are too restricted and not supported by objective evidence." (*Id.*) The ALJ also noted that Dr. Nguyen's opinion was based on a one-time examination. Second, the ALJ reviewed the findings of facts

made by the State agency medical physicians and consultants. The ALJ acknowledged that these were statements from non-examining expert sources. The ALJ found that these opinions were due "significant weight because the records support their opinions." (*Id.*) Finally, the ALJ reviewed Dr. Navneet Ahluwalia's medical source statement, which opined that Plaintiff could lift and/or carry five pounds, stand and walk one hour of an eight hour day, and sit one hour of an eight hour day. Dr. Ahluwalia also found that Plaintiff could rarely climb, balance, stoop, crouch, kneel, push/pull, and crawl, and that Plaintiff could frequently reach, handle, feel, see, hear, and speak. (*Id.*) Dr. Ahluwalia also opined that Plaintiff's pain and functional limitations combined with the side effects of pain medication would markedly interfere with his ability to complete tasks more than 30% of the day. The ALJ gave Dr. Ahluwalia's "little weight because it is too restrictive and inconsistent with medical evidence of record." (*Id.*) Ultimately, the ALJ concluded that the RFC was "supported by treatment notes, objective diagnostic studies, clinical findings, treating source opinions, the claimant's activities and his subjective symptoms." (*Id.*) The ALJ also found that given Plaintiff's RFC, Plaintiff could not perform any past relevant work. (*Id.*)

At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 54.) The ALJ stated that VE Morrell had identified several unskilled light jobs that did not require lifting more than ten pounds that Plaintiff could perform, including mailroom clerk, parking lot attendant, and small products assembler. (*Id.*) The ALJ noted that Plaintiff's counsel had asked VE Morrell if an individual who was unable to complete an eight-hour workday could perform those occupations, to which VE Morrell had replied that there would be no jobs for social security purposes. (AR 55.) The ALJ also observed that Plaintiff's counsel had asked VE Morrell if an individual who was off task for 30% of the day could perform these jobs, to which VE Morrell had replied that such an individual would be unemployable. (*Id.*) The ALJ then concluded that Plaintiff had the ability to perform these three jobs. The ALJ also found the VE's testimony was "consistent with the information contained in the Dictionary of Occupational Titles." (*Id.*)

## IV. DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds. First, Plaintiff contends that the

7

ALJ failed to comply with Social Security Ruling ("SSR") 00-4p. (Plf.'s Mot. at 4.) Second, Plaintiff argues that the ALJ failed to properly evaluate the opinion of consultative orthopedist Dr. Todd Nguyen. (*Id.* at 8.) Finally, Plaintiff asserts that the ALJ failed to properly evaluate the opinion of treating physician Dr. Navneet Ahluwalia. (*Id.* at 11.)

**A. SSR 00-4p**

"SSR 00-4p unambiguously provides that 'when a [VE] provides evidence about the requirements of a job or occupation, the adjudicator has *an affirmative responsibility* to ask about any possible conflict between that [VE] evidence and information provided in the *Dictionary of Occupational Titles* [("DOT")].'" *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (quoting SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)) (internal modifications omitted). Error in failing to follow SSR 00-4p is harmless only if: 1) there is no conflict; or 2) the VE provided sufficient support for her conclusion to justify any potential conflicts. *Id.* at 1153-54 n. 19.

Here, the ALJ's RFC found that Plaintiff was able to perform sedentary work, except that he could lift ten pounds and could complete an eight-hour workday if given the option to alternate between sitting and standing in thirty-minute increments, and was limited to simple, repetitive tasks. (AR 48.) The ALJ ultimately found that Plaintiff was able to perform three jobs that are classified by the DOT as "light work," which normally included a limit of lifting up to twenty pounds. (AR 54, 87.) The VE testified, however, that the three identified jobs did not require lifting more than ten pounds. (AR 87.)

In general, work is classified exertionally as sedentary, light, medium, heavy, or very heavy, and each category is defined "by the extent of its requirements in the primary strength activities of sitting, standing, walking, lifting, carrying, pushing, and pulling." SSR 83-10, 1983 WL 31251 (Jan. 1, 1983). Plaintiff contends that the ALJ did not comply with SSR 00-4p because the ALJ focused only on the lifting requirement, but did not address the remaining work functions and differences between sedentary and light jobs. (Plf.'s Mot. at 6-7; Plf.'s Reply at 4.) In other words, the ALJ failed to address the other exertional categories, and therefore failed to resolve the conflict between the DOT and VE's evidence, thus violating SSR 00-4p. (Plf.'s Mot. at 7.)

Defendant responds that the ALJ did address the lifting issue, and that the VE also

8

explained the availability of a sit-stand option based on his own experience. (Def.'s Opp'n at 5.) Defendant argues that this addresses the conflict between the VE's evidence and the DOT. (*Id.*) Like the ALJ, however, Defendant does not address any of the remaining exertional categories.

The Court finds that the ALJ failed to satisfy SSR 00-4p. The ALJ failed to inquire into whether there were conflicts between the VE's testimony and the DOT's classification of the three jobs at issue as "light jobs." Instead, the ALJ appeared to find that Plaintiff could still perform these "light jobs" as long as there was a sit-stand option, despite having otherwise been limited to sedentary work. In short, the ALJ implicitly appeared to find that the jobs at issue could be performed by someone restricted to sedentary work, despite being categorized as light jobs, and did not address this conflict except with respect to the lifting limitation. This is inadequate to satisfy SSR 00-4p.

### B. Dr. Todd Nguyen

Next, Plaintiff argues that the ALJ erred in evaluating Dr. Nguyen's opinion. (Plf.'s Mot. at 8.) In evaluating medical evidence from different physicians, the Ninth Circuit distinguishes among the opinions of three types of physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The three types are classified as: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Id.* A treating physician's opinion is entitled to controlling weight if it is well-supported and consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). The opinions of treating medical sources may be rejected only for clear and convincing reasons if not contradicted by another doctor, and, if contradicted, only for specific and legitimate reasons supported by substantial evidence. *Chater*, 81 F.3d at 830. Likewise, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* at 830-31. Where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion is accepted as true. *Id.* at 834.

In his consultative report, Dr. Nguyen found that in terms of functional abilities, Plaintiff

"would be expected to walk, stand and sit up to two hours," that "[h]e should be limited to lifting less than 10 pounds at all times," and that "[h]e should be restricted to occasional bending, stooping, kneeling, crawling, squatting and stair climbing." (AR 494.) The ALJ gave Dr. Nguyen's opinion regarding lifting "some weight," but found that the standing and walking limitations were "too restricted and not supported by objective evidence." (AR 53.) The ALJ also noted that Dr. Nguyen's opinion was based on a one-time examination.

Plaintiff argues that the ALJ's articulated reason for rejecting Dr. Nguyen's opinion as not being supported by objective evidence lacks sufficient specificity. (Plf.'s Mot. at 9.) Plaintiff also contends that to the extent the ALJ found that Dr. Nguyen examined Plaintiff only once, this is not a valid reason to reject Dr. Nguyen's opinion because the ALJ gave significant weight to non-examining physicians. (*Id.* at 10.) Plaintiff also argues that the ALJ effectively rejected the lifting restriction because the ALJ determined that Plaintiff could lift up to ten pounds, not less than ten pounds. (*Id.* at 9.)

Defendant responds that the ALJ properly evaluated Dr. Nguyen's opinion because lifting less than ten pounds and lifting up to ten pounds is a "distinction . . . without a material difference as it would not alter the outcome of the case." (Def.'s Opp'n at 7.) Defendant also argues that Dr. Nguyen's limitation of Plaintiff walking, standing, and sitting up to two hours is not more restrictive than the ALJ's limitation of Plaintiff to sedentary work with a sit/stand option. (*Id.*) In other words, Defendant reads Dr. Nguyen's opinion as stating that Plaintiff could alternate between walking, standing, and sitting every two hours, rather than Plaintiff being limited to walking, standing, and sitting for two hours each throughout a day. (*Id.* at 7-8.) Defendant also appears to argue that an ALJ may discount the opinion of an examining physician who did not have the opportunity to review the full medical record. (*Id.* at 9.)

The Court finds that the ALJ failed to adequately explain why he rejected Dr. Nguyen's opinion about Plaintiff's ability to stand and walk. The ALJ's finding was limited to stating, without explanation, that Dr. Nguyen's assessment on Plaintiff's standing and walking limitations was "too restricted and not supported by objective evidence." This does not satisfy the ALJ's obligation to provide specific, legitimate reasons for rejecting a medical opinion. Notably, in

10

*Embrey v. Bowen*, the Ninth Circuit found that the ALJ failed to provide specific, legitimate reasons for rejecting a treating physician's opinion where the ALJ reviewed the medical evidence, but concluded only that the opinions of total disability "are unsupported by sufficient objective findings and contrary to the preponderant conclusions mandated by these objective findings." 849 F.2d 418, 421 (9th Cir. 1988). The Ninth Circuit found that "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Id.* That is because "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Id.* at 421-22. As in *Embrey*, the ALJ, here, simply listed the various medical records, but otherwise failed to provide interpretations of the medical evidence or explain why those interpretations were correct. Further, to the extent the ALJ was basing his rejection of Dr. Nguyen's opinion on the fact that Dr. Nguyen was only an examining doctor, this is inadequate, particularly where the ALJ accepted the opinion of non-examining expert sources with similarly little explanation. (*See* AR 53.) Finally, as to Defendant's argument that the ALJ could reject an opinion where the examining physician did not have the opportunity to review the full medical record, Defendant points to no evidence in the record that Dr. Nguyen did not have an opportunity to review the full medical record. In any case, the ALJ did not articulate this as a reason for rejecting Dr. Nguyen's opinion. The Court thus concludes that the ALJ failed to provide specific, legitimate reasons supported by substantial evidence in the record for rejecting Dr. Nguyen's opinion about Plaintiff's ability to stand and walk.

The Court also finds that this error is not harmless. Again, Defendant argues that Dr. Nguyen had in fact found that Plaintiff was able to sit, stand, and walk up to two hours at a time, not that he was only able to sit, stand, and walk up to two hours per day (for a total of six hours). (Def.'s Opp'n at 7-8.) Thus, Defendant argues that Dr. Nguyen's opinion was not as restrictive as the ALJ's hypothetical to the VE, as the ALJ included a restriction of sitting and standing for thirty minutes at a time. (*Id.* at 7.) Defendant justifies this interpretation by noting that Dr. Nguyen did not explain what Plaintiff was capable of doing the rest of the time, *i.e.*, Dr. Nguyen did not state

that Plaintiff needed to lie down the remainder of the day. (*Id.* at 7-8.) The Court disagrees; notably, both Plaintiff and the ALJ clearly read Dr. Nguyen's opinion as stating that Plaintiff was only able to sit, stand, and walk up to two hours per day. Specifically, the ALJ found that Dr. Nguyen's opinion was "*too restricted.*" (*Id.* at 53 (emphasis added).) If the ALJ believed that Dr. Nguyen was opining that Plaintiff could sit, stand, and walk up to two hours at a time, he would not have found Dr. Nguyen's opinion to be too restricted when compared to the ALJ's restriction of sitting and standing every thirty minutes; instead, he would have found Dr. Nguyen's opinion to be consistent with the RFC. As the ALJ rejected Dr. Nguyen's opinion, the ALJ appears to have interpreted Dr. Nguyen's opinion the way Plaintiff does. During the hearing, Plaintiff's counsel also made clear that he took Dr. Nguyen's opinion to mean that Plaintiff could be expected to walk, stand, and sit up to two hours, for a "total [of] six" hours, which the ALJ agreed with. (AR 89.) Thus, the error is not harmless, and requires that the case be remanded for the ALJ to consider whether Dr. Nguyen's opinion should be considered.

The Court also finds that the ALJ effectively rejected Dr. Nguyen's opinion about Plaintiff's ability to lift. While the ALJ states that he gave Dr. Nguyen's opinion "some weight," Dr. Nguyen found that Plaintiff could lift *less than* ten pounds, while the ALJ found that Plaintiff could lift *up to* ten pounds. Thus, the ALJ found that Plaintiff could lift ten pounds, which is contrary to Dr. Nguyen's opinion, and again provided no explanation for his conclusion. While Defendant argues that this is a distinction without a difference, Defendant provides no authority for this contention. Instead, Defendant relies on *Terreri v. Astrue*, No. 07-CV-277-JTC, 2009 WL 749860 (W.D.N.Y. Mar. 18, 2009), a case that is distinguishable on the facts. (Def.'s Opp'n at 7.) In *Terreri*, the plaintiff challenged the ALJ's hypothetical of an individual that could lift up to twenty pounds as being contrary to a doctor's assessment that the plaintiff could only lift less than twenty pounds. 2009 WL 749860, at *6. While the district court did find this to be a distinction without a difference, it was because the district court had already upheld the ALJ's assessment that the plaintiff was able to lift and carry up to twenty pounds. *Id.* at *5, 7. Thus, the hypothetical posed to the VE of an individual who could lift up to twenty pounds adequately reflected the plaintiff's physical limitations. The district court did not find that lifting up to twenty pounds and

12

lifting less than twenty pounds was the same thing; the district court simply found that this distinction did not matter when the ALJ had adequately concluded that the plaintiff could, in fact, lift up to twenty pounds. Such is not the case here, where the ALJ failed to provide interpretations of the medical evidence or explanations for why his interpretation was correct, and thus failed to adequately explain why he rejected Dr. Nguyen's finding that Plaintiff could only lift less than ten pounds.

The Court concludes that the ALJ failed to articulate specific, legitimate reasons for rejecting Dr. Nguyen's opinion. Generally, the ALJ's failure to provide adequate reasons for rejecting medical opinions requires that they be accepted as true. *Lester*, 81 F.3d at 834 (citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)).[1] Here, the ALJ failed to present any reliable, conflicting medical evidence or specific and legitimate reasons for rejecting the opinion, requiring that Dr. Nguyen's opinion be accepted as true.

### C. Dr. Ahluwalia

Finally, Plaintiff argues that the ALJ erred in evaluating Dr. Ahluwalia's opinion. (Plf.'s Mot. at 11.) Dr. Ahluwalia is Plaintiff's treating physician, and in a medical assessment, found that Plaintiff was able to lift and/or carry up to five pounds, could stand and/or walk for one hour of an eight-hour workday, and could sit for one hour of an eight-hour workday. (AR 608-09.) Dr. Ahluwalia also found that Plaintiff's pain and functional limitations would markedly interfere with his ability to complete work-related tasks, *i.e.*, more than 30% of the day. (AR 610.) The ALJ "g[a]ve this opinion little weight because it is too restrictive and inconsistent with medical evidence of record." (AR 53.)

As with Dr. Nguyen, Plaintiff argues that the ALJ's given reason for rejecting Dr. Ahluwalia's opinion lacks the specificity required by the Ninth Circuit. (Plf.'s Mot. at 11.) Defendant responds that the ALJ had previously noted in his opinion that Plaintiff had stated he was able to lift up to ten to fifteen pounds. (Def.'s Opp'n at 10; AR 49.) Defendant also points to

---

[1] That there is medical evidence in the record that could justify a rejection of those medical opinions is immaterial. *See Harman v. Apfel*, 211 F.3d 1172, 1178-79 (9th Cir. 2000) (physician's opinion to be accepted as true even if there was evidence that could have been used to reject it).

13

Plaintiff's testimony during the hearing that Plaintiff could perform a job that required lifting only ten pounds, as well as Dr. Nguyen's opinion that Plaintiff could lift less than ten pounds and Dr. Tario Mirza's opinion that Plaintiff could lift no more than ten pounds. (Def.'s Opp'n at 10; AR 80, 494, 582.) With respect to the limits on sitting, standing, and walking, Defendant relies on Dr. Nguyen's opinion that Plaintiff could walk, stand, and sit up to two hours. (Def.'s Opp'n at 10; AR 494.) Finally, Defendant contends that the ALJ's RFC assessment is consistent with the non-examining physicians' findings. (Def.'s Opp'n at 11.)

The Court finds that the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Ahluwalia's opinion. Again, as with Dr. Nguyen's opinion, the ALJ did not provide an adequate explanation for why he rejected the opinions; instead, he summarized the medical records before making a conclusion, without articulating what his interpretation of those records were or why his interpretation was correct. With respect to Defendant's arguments, the ALJ did not point to Plaintiff's testimony, Dr. Nguyen's opinion, or Dr. Mirza's opinion as reasons for rejecting Dr. Ahluwalia's opinion. Defendant cannot simply use *post hoc* rationales to justify the ALJ's conclusion. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ -- not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking"). Likewise, the ALJ did not point to Dr. Nguyen's opinion that Plaintiff could walk, stand, and sit up to two hours to reject Dr. Ahluwalia's opinion, nor could he, given that the ALJ specifically stated that Dr. Nguyen's standing and walking limitations were too restricted and not supported by objective evidence. (*See* AR 53.) Defendant cites no authority stating that an ALJ could use rejected opinion evidence to justify rejecting other medical evidence.

Finally, the fact that non-examining physicians' findings are consistent with the ALJ's RFC assessment is, alone, insufficient; the Ninth Circuit is clear that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester*, 81 F.3d at 831. In any case, again, the ALJ did not point to the non-examining physician's opinions in justifying his rejection

14

1 of Dr. Ahluwalia's opinion. The Court, therefore, finds that the ALJ failed to adequately explain why he rejected Dr. Ahluwalia's opinion. Again, the ALJ's failure to provide adequate reasons for rejecting medical opinions requires that they be accepted as true. *See Lester*, 81 F.3d at 834 (citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)).

### D. Remand for Benefits

While remand is required, it is only proper to remand for an immediate award of benefits if:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292 (citations omitted); *see also Harman*, 211 F.3d at 1178. As provided above, the ALJ's failure to properly reject the medical opinions of Plaintiff's treating and examining physicians, requires that those opinions be accepted as true. *See Pierce v. Astrue*, 382 Fed. Appx. 618, 619-20 (9th Cir. 2010).

At the hearing, VE Morrell testified that if an individual was unable to complete a full eight hour workday, it would preclude all work. (AR 88.) VE Morrell further testified that if an individual was off task for 30% of the day, it would preclude all jobs. (AR 89.) Here, Dr. Nguyen found that Plaintiff could work a maximum of six hours a day, while Dr. Ahluwalia found that Plaintiff could sit, stand, and walk for up to one hour per day. Dr. Ahluwalia also found that Plaintiff's pain and functional limitations would markedly interfere with his ability to complete work-related tasks, *i.e.*, more than 30% of the day. Thus, based on the record and VE Morrell's testimony that an individual, with the restrictions found by Dr. Nguyen or Dr. Ahluwalia, would be precluded from all work, the Court concludes that remand for an immediate award of benefits is proper.

///
///
///
///

15

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is GRANTED, and Defendant's motion for summary judgment is DENIED. The Court remands this case for an immediate award of benefits.

The Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated: January 24, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge