UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LESTER ESTRADA,<br>　　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,<br>　　　　　Defendant. | Case No. 17-cv-00868-KAW<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br>Re: Dkt. No. 23 |

Plaintiff Jimmy L. Estrada brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). The Court granted Plaintiff's motion for summary judgment and remanded the case for an immediate award of benefits. (Summary Judgment Ord., Dkt. No. 19.) Plaintiff's counsel, Young Cho, now brings a motion for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $19,780.00 in fees. (Plf.'s Mot., Dkt. No. 23.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion, for the reasons set forth below.

## I.　BACKGROUND

### A.　Factual background

Plaintiff applied for Title II Disability Insurance Benefits ("DIB") on May 13, 2013. (Summary Judgment Ord. at 1.) Plaintiff alleged that he became disabled on April 22, 2010, due to back and knee problems, depression, and stomach problems. (*Id.*) The Social Security Administration ("SSA") denied his application, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ issued an unfavorable decision on April 1, 2015, and the Appeals Council denied Plaintiff's request for review on December 23, 2016. (*Id.* at

3.)

On February 22, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After the parties filed cross-motions for summary judgment, the Court granted Plaintiff's motion for summary judgment. The Court found that the ALJ failed to satisfy SSR 00-4p, which states that an ALJ has an affirmative responsibility to ask about any possible conflict between a vocational expert's evidence about the requirements of a job or occupation and the information provided in the Dictionary of Occupational Titles. (Summary Judgment Ord. at 9.) The Court also found that the ALJ failed to adequately explain why he rejected Dr. Todd Nguyen's opinion about Plaintiff's ability to stand, walk and lift, as well as Dr. Navneet Ahluwalia's opinion about Plaintiff's ability to work. (*Id.* at 10-15.) The Court remanded for an immediate award of benefits, as the restrictions found by Dr. Nguyen and Dr. Ahluwalia would preclude Plaintiff from all work. (*Id.* at 15.)

On March 21, 2018, the parties stipulated to the payment of attorney's fees and costs under the Equal Access to Justice Act ("EAJA") in the amount of $4,600. (Dkt. No. 21.) The $4,600 was paid to counsel. (Plf.'s Mot. at 1.)

On July 11, 2018, Plaintiff's counsel filed the instant motion for attorney's fees, seeking $19,780.00, and to refund credit Plaintiff the EAJA fees previously paid in the amount of $4,600. (Plf.'s Mot. at 1.) Plaintiff's request is based on a contingent fee agreement with Plaintiff that permits Plaintiff's counsel to seek 25% of past-due benefits for work performed before the SSA and the courts. (Plf.'s Mot. at 3; *see also* Cho Decl., Exh. C.) The Commissioner filed a response on July 24, 2018, taking no position on the reasonableness of the request. (Def.'s Resp. at 4.) No reply was filed.

## II. LEGAL STANDARD

42 U.S.C. § 406 governs the award of attorney's fees in social security cases. 42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court, which is not to exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). When reviewing a motion for attorney's fees, the Court begins its analysis "by looking first to the contingent-fee agreement, then testing it for

2

reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In assessing the reasonableness of the fee agreement, the Court considers "'the character of the representation and the results the representative achieved.'" *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). Thus, the Court may apply a downward adjustment in the event of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* While the Court is not to start with a lodestar analysis, it may use the lodestar analysis as an aid (but not a baseline) to assess the reasonableness of the fee. *Id.*

### III. DISCUSSION

Plaintiff signed a contingent fee agreement that allowed Plaintiff's counsel to recover "a fee no greater than 25% of the past-due benefits owed" for representation before both the administration and the courts. (Cho Decl., Exh. 1.) Plaintiff's counsel seeks $19,780.00, or 25% of the $79,120.00 awarded to Plaintiff in past-due benefits. (*See* Cho Decl. ¶ 3, Exh. 2.)

The Court finds that the amount sought by Plaintiff's counsel is reasonable. First, the results obtained by Plaintiff's counsel were good, as the Court granted Plaintiff's motion for summary judgment and remanded the case to the SSA for an immediate award of benefits. (*See* Summary Judgment Ord. at 15.) Second, the record reveals no undue delay or substandard performance that would warrant a downward adjustment. No extensions were requested, and the case was resolved in less than a year. Third, the amount sought is consistent with the cap set by Congress in § 406(b), and is not disproportionate to the time spent by Plaintiff's counsel in this action. Plaintiff's counsel spent 26 hours on this case, representing an effective rate of $760.76/hour. (*See* Cho Decl., Exh. 3.) While this hourly rate is high, courts in this district have awarded similar rates. *Compare with Butler v. Colvin*, Case No. 14-cv-2050-LB, Dkt. Nos. 26-2 at 6 and 32 (requesting $22,877.50 for 25.2 hours of work, an effective rate of $947.51/hour) *and Butler v. Colvin*, Case No. 14-cv-2050-LB, 2017 WL 446290, at \*2 (N.D. Cal. Feb. 2, 2017) (awarding $22,877.50 and finding that the time spent was not out of proportion to the fee award); *see also Goodbar v. Colvin*, Case No. 11-cv-4572-SI, 2015 WL 6674548, at \*1 (N.D. Cal. Nov. 2, 2015) (awarding effectively hourly rate of $772.09).

The Court will also deduct the EAJA award from the $19,780.00 sought by Plaintiff's

counsel. In general, the Court must offset the § 406(b) attorney's fee award by any EAJA fee award. *Gisbrecht*, 535 U.S. at 796. This was to "'prevent attorneys from receiving double recovery under both the EAJA and § 406(b).'" *Boissiere v. Astrue*, No. C-09-02081 JCS, 2011 WL 1045170, at *4 (N.D. Cal. Mar. 22, 2011) (quoting *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010)). Here, Plaintiff's counsel received the $4,600.00 in attorney's fees under the EAJA, which as counsel acknowledges, must be refunded to Plaintiff. (*See* Plf.'s Mot. at 7-8.)

## IV. CONCLUSION

For the reasons stated above, the motion is GRANTED. The Court awards fees in the amount of $19,780.00 pursuant to 42 U.S.C. § 406(b). The Court further ORDERS Plaintiff's counsel to refund Plaintiff the $4,600.00 previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated: August 10, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge